**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1065**

———————

ALLEN E. SMITH, Reverend, individually and for
the benefit of the trusts established for him
by Clearview Baptist Church and on behalf of
all others similarly situated,

                              Plaintiff - Appellant,


DAVID L. ARMBRISTER; JACQUELINE M. ARMBRISTER;
LARRY W. ARMBRISTER; CAROLYN Q. ARMBRISTER;
SHERMAN H. BLANKENSHIP; FRANCIS LENTZ; HELEN
LENTZ; LESLIE S. HOLLOWELL; ELVIS H. HESTER,
JR.; WESTMINSTER PRESBYTERIAN CHURCH
CORPORATION OF GREENSBORO, NORTH CAROLINA;
DRAPER VALLEY BAPTIST CHURCH; PHYL WIGAL,
Personal Representative of the Estate of Larry
Wigal,

                              Intervenors - Appellants,


          versus

CONTINENTAL INSURANCE COMPANY, a foreign
corporation,

                              Defendant - Appellee,


          and

CNA FINANCIAL CORPORATION, a foreign
corporation, and its divisions, subsidiaries,
and affiliates; CONTINENTAL CORPORATION, a
foreign corporation; RETIREMENT ACCOUNTS,
INCORPORATED, a foreign corporation; FISERV,
INCORPORATED, a foreign corporation,

                              Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CA-01-653)

Argued: September 30, 2004            Decided: December 10, 2004

Before MICHAEL and DUNCAN, Circuit Judges, and Roger W. TITUS, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** David McKenzie Clark, CLARK BLOSS & WALL, P.L.L.C., Greensboro, North Carolina, for Appellants. Anne G. Kimball, WILDMAN, HARROLD, ALLEN & DIXON, Chicago, Illinois, for Appellee. **ON BRIEF:** John F. Bloss, James E. Tanner, III, CLARK BLOSS & WALL, P.L.L.C., Greensboro, North Carolina; John T. Jessee, FLIPPEN, DENSMORE, MORSE & JESSEE, Roanoke, Virginia, for Appellants. Vilia M. Drazdys, WILDMAN, HARROLD, ALLEN & DIXON, Chicago, Illinois; John P. Fishwick, Jr., LICHTENSTEIN AND FISHWICK, P.L.C., Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reverend Allen E. Smith and twelve other Plaintiffs (hereinafter "Plaintiffs") sued the CNA Financial Corporation and several of its affiliates (hereinafter "CNA") in the United States District Court for the Western District of Virginia. The suit arose out of defaults on promissory notes issued by two Florida corporations, First Capital Funding, Inc. ("First Capital") and U.S. Capital Services, Inc. ("U.S. Capital"), that were sold to the Plaintiffs by The Charterhouse Group ("Charterhouse"). The Plaintiffs allege that CNA permitted Charterhouse to misrepresent CNA's role as insurer of the promissory notes, inducing the Plaintiffs to purchase the investments. The promissory notes were, in reality, a "Ponzi scheme" and the Plaintiffs lost the entirety of their initial investments.

## I.

First Capital and U.S. Capital purchased, at a discount, the accounts receivable of companies in need of immediate capital, subsequently collecting payments due to the debtor companies as they became due. Funds necessary to purchase the accounts receivable were generated by the issuance of promissory notes by First Capital and U.S. Capital. CNA provided credit insurance coverage with respect to the accounts receivable, but not as to the notes issued by First Capital and U.S. Capital.

3

In March 1996, First Capital VP Robert Rabeck explained to a CNA agent (Mr. Warner) that First Capital wanted to sell notes and asked if CNA's name could appear in the advertising brochure. Warner told First Capital that it could not state that the safety of the principal of the notes was assured by CNA, nor should any promotional material make reference to CNA. J.A. 1570. First Capital agreed and CNA did not investigate further. Notwithstanding Warner's statement, First Capital's brochure did make reference to CNA and the Plaintiffs allege that the reference to CNA induced them to purchase the notes. Specifically, Plaintiffs point to a First Capital brochure which read:

> To assure and maintain the highest level of safety of principal, Continental Insurance Company, part of the 65 Billion Dollar CNA/Continental Insurance group, conducts its own independent due diligence on all receivables and all debtor companies. FIRST CAPITAL SERVICES, INC. WILL ONLY FINANCE RECEIVABLES THAT ARE UNDERWRITTEN AND INSURED BY THE CONTINENTAL INSURANCE COMPANY (Government backed receivables are exempt from this requirement).

J.A. 40.

Charterhouse, a Virginia firm providing financial services focused on the needs of clergy, solicited the Plaintiffs for First Capital and U.S. Capital. Charterhouse explained that the notes required a minimum investment of $25,000 and promised a return of 9.5%. Charterhouse agents also represented to investors that CNA "backed" the investments and presented a no-lose situation (either 9.5% return or the money back). This assertion by Charterhouse is belied, however, by a close reading of the brochure which

4

represents only that CNA insures the accounts receivable, not the payment of the promissory notes.

In the Fall of 1997, the Florida Comptroller, Department of Banking and Finance, determined that the notes were unregistered securities and instructed First Capital to stop selling the notes. On December 22, 1997, Mr. Levy, an agent of First Capital, incorporated U.S. Capital and sold notes very similar to those that had been sold by First Capital. "This corporate shell game enabled First Capital to obtain funds from the ongoing sale of Notes while pretending that 'First Capital' was not still selling unregistered securities." Appellant's Brief at 14; see also J.A. 1573. The notes continued to be sold, albeit under the name U.S. Capital rather than First Capital. Charterhouse employees continued to solicit investors, representing that CNA was "backing" the notes.

Around August 1998, CNA began to be contacted by investors who were interested to know whether it was "backing" the U.S. Capital/First Capital notes. CNA was then contacted by the Securities and Exchange Commission regarding its insurance policies issued to First Capital. At this point, CNA concluded that First Capital had not abandoned selling the notes and had been using CNA's name in its advertising materials. CNA then sent a formal cease and desist letter to U.S. Capital. J.A. 1574. On February 1, 1999 CNA did not renew First Capital's existing one-year credit

insurance policy. Appellant claims that this sanction by CNA was "too little too late". Appellant's Brief at 18.

In March 1999, the promissory note program began to collapse. Commission payments to Charterhouse agents began to slow and investors stopped receiving timely interest payments. Charterhouse, however, continued selling notes as late as May 1999. In August 1999, U.S. Capital began to notify its sales agents that it was under investigation and the future sale of notes was suspended. After the notes program collapsed, the Plaintiffs filed this suit.

Plaintiffs' Amended Complaint alleged seven counts against CNA: (1)fraud, (2) breach of fiduciary duty, (3) breach of contract, (4) negligence, (5) unjust enrichment, (6) equitable estoppel, and (7) aiding and abetting the sale of unregistered securities. CNA moved for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. After recognizing that none of the Plaintiffs had any contact with CNA, and concluding that the CNA had made no affirmative misrepresentations regarding the promissory note program, the District Court for the Western District of Virginia, The Honorable James C. Turk presiding, granted CNA's motion.

II.

The Plaintiffs appeal the decision of the district court granting summary judgment for CNA on all counts of the Amended Complaint. After considering the briefs, the joint appendix, and the arguments of counsel, we affirm on the reasoning of the district court. <u>See</u> <u>Reverend Allen E. Smith, et. al. v. CNA Financial Corporation</u>, No. 7:01-cv-653 (W.D. Va. Nov. 28, 2003).

<u>AFFIRMED</u>

.